1   Renee C. Feldman, Bar No. 253877
    rfeldman@littler.com
2   LITTLER MENDELSON, P.C.
    Treat Towers
3   1255 Treat Boulevard
    Suite 600
4   Walnut Creek, California  94597
    Telephone:    925.932.2468
5   Fax No.:       925.946.9809

6   Attorneys for Defendant
    C&W FACILITY SERVICES, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  NILES BREITHAUPT,                         Case No. 2:22-cv-01482-JAM-KJN

12            Plaintiff,                       **STIPULATED PROTECTIVE ORDER**

13       v.

14  C&W FACILITY SERVICES, INC., a
    Massachusetts corporation; and DOES 1 through
15  50, inclusive,

16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                                            STIPULATED PROTECTIVE ORDER 2:22-
                                            CV-01482-JAM-KJN

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

1    consultant in this action.

2        2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel

3    does not include Outside Counsel of Record or any other outside counsel.

4        2.8    Non-Party: any natural person, partnership, corporation, association, or other legal

5    entity not named as a Party to this action.

6        2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action

7    but are retained to represent or advise a party to this action and have appeared in this action on behalf

8    of that party or are affiliated with a law firm which has appeared on behalf of that party.

9        2.10   Party: any party to this action, including all of its officers, directors, employees,

10   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

11       2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material

12   in this action.

13       2.12   Professional Vendors: persons or entities that provide litigation support services (e.g.,

14   photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing,

15   or retrieving data in any form or medium) and their employees and subcontractors.

16       2.13   Protected Material: any Disclosure or Discovery Material that is designated as

17   "CONFIDENTIAL."

18       2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a

19   Producing Party.

20   3.    SCOPE

21       The types of information eligible for protection under this Stipulation and Order include,

22   without limitation: documents constituting or relating to medical records, disability, request for

23   accommodation, or vaccination status of Plaintiff or Defendant's employees; documents constituting or

24   related to employment personnel records of Plaintiff or Defendant's employees, which is private

25   pursuant to Article 1 Section 1 of the California Constitution; documents constituting or related to

26   Defendant's confidential policies; documents constituting or related to employment investigations

27   regarding Plaintiff and the termination of Plaintiff's employment. Courts have routinely recognized a

28   legally cognizable privacy interest in records of this nature. *See e.g., Doe v. A. J. Boggs & Co.*, No.

1   118CV01464AWIBAM, 2019 WL 1517567, at *6 (E.D. Cal. Apr. 8, 2019) (citing *Pettus v. Cole*, 49

2   Cal. App. 4th 402, 440 (1996)) (ordering discovery of Plaintiffs' medical information as subject to

3   protective order because "California law recognizes a constitutional right to privacy in an individual's

4   medical history"); *Buchanan v. Santos*, No. 1:08-CV-01174-AWI, 2011 WL 2112475, at *5 (E.D. Cal.

5   May 26, 2011) (ordering discovery of personnel records as subject to protective order); *Sanchez v. Cty.*

6   *of Sacramento Sheriff's Dep't*, No. 2:19-CV-01545 MCE AC, 2020 WL 3542328, at *5 (E.D. Cal.

7   June 30, 2020) (ordering discovery of personnel records as subject to protective order).

8        The protections conferred by this Stipulation and Order cover not only Protected Material (as

9   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

10   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

11   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

12   However, the protections conferred by this Stipulation and Order do not cover the following

13   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

14   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

15   publication not involving a violation of this Order, including becoming part of the public record

16   through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure

17   or obtained by the Receiving Party after the disclosure from a source who obtained the information

18   lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected

19   Material at trial shall be governed by a separate agreement or order.

20   4.      DURATION

21        Even after final disposition of this litigation, the confidentiality obligations imposed by this

22   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

23   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

24   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

25   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

26   limits for filing any motions or applications for extension of time pursuant to applicable law.

27   5.      DESIGNATING PROTECTED MATERIAL

28        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

1    Non-Party that designates information or items for protection under this Order must take care to limit

2    any such designation to specific material that qualifies under the appropriate standards. The

3    Designating Party must designate for protection only those parts of material, documents, items, or oral

4    or written communications that qualify – so that other portions of the material, documents, items, or

5    communications for which protection is not warranted are not swept unjustifiably within the ambit of

6    this Order.

7            Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to

8    be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

9    or retard the case development process or to impose unnecessary expenses and burdens on other

10   parties) expose the Designating Party to sanctions.

11           If it comes to a Designating Party's attention that information or items that it designated for

12   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

13   that it is withdrawing the mistaken designation.

14           5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see,

15   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

16   Discovery Material that qualifies for protection under this Order must be clearly so designated before

17   the material is disclosed or produced.

18           Designation in conformity with this Order requires:

19           (a) For information in documentary form (e.g., paper or electronic documents, but

20   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

21   affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or

22   portions of the material on a page qualifies for protection, the Producing Party also must clearly

23   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

24   A Party or Non-Party that makes original documents or materials available for inspection need not

25   designate them for protection until after the inspecting Party has indicated which material it would like

26   copied and produced. During the inspection and before the designation, all of the material made

27   available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified

28   the documents it wants copied and produced, the Producing Party must determine which documents, or

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

portions thereof, qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains

Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion

or portions of the information or item warrant protection, the Producing Party, to the extent practicable,

shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material. Upon timely correction of a designation, the Receiving

Party must make reasonable efforts to assure that the material is treated in accordance with the

provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or

a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation

is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

1   challenge.

2   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

3       7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

4   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

5   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

6   categories of persons and under the conditions described in this Order. When the litigation has been

7   terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

8   DISPOSITION).

9       Protected Material must be stored and maintained by a Receiving Party at a location and in a

10  secure manner that ensures that access is limited to the persons authorized under this Order.

11      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

12  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

13  information or item designated "CONFIDENTIAL" only to:

14      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

15  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

16  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

17  hereto as Exhibit A;

18      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party

19  to whom disclosure is reasonably necessary for this litigation and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

22  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

23  Be Bound" (Exhibit A);

24      (d) the court and its personnel;

25      (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

26  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

27  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28      (f) during their depositions, witnesses in the action to whom disclosure is reasonably

8

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

1    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

2    unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

3    deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound

4    by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated

5    Protective Order.

6          (g) the author or recipient of a document containing the information or a custodian or other

7    person who otherwise possessed or knew the information.

8    8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

9           LITIGATION

10        If a Party is served with a subpoena or a court order issued in other litigation that compels

11   disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

12   must:

13         (a) promptly notify in writing the Designating Party. Such notification shall include a copy

14   of the subpoena or court order;

15         (b) promptly notify in writing the party who caused the subpoena or order to issue in the

16   other litigation that some or all of the material covered by the subpoena or order is subject to this

17   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

18         (c) cooperate with respect to all reasonable procedures sought to be pursued by the

19   Designating Party whose Protected Material may be affected.

20        If the Designating Party timely seeks a protective order, the Party served with the subpoena or

21   court order shall not produce any information designated in this action as "CONFIDENTIAL" before a

22   determination by the court from which the subpoena or order issued, unless the Party has obtained the

23   Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

24   protection in that court of its confidential material – and nothing in these provisions should be

25   construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

26   from another court.

27   9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

28          LITIGATION

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

1    (a) The terms of this Order are applicable to information produced by a Non-Party in this

2    action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

3    connection with this litigation is protected by the remedies and relief provided by this Order. Nothing

4    in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

5    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

6    Party's confidential information in its possession, and the Party is subject to an agreement with the

7    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

8    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all

9    of the information requested is subject to a confidentiality agreement with a Non-Party;

10    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

11    this litigation, the relevant discovery request(s), and a reasonably specific description of the

12    information requested; and

13    (3) make the information requested available for inspection by the Non-Party.

14    (c) If the Non-Party fails to object or seek a protective order from this court within 14 days

15    of receiving the notice and accompanying information, the Receiving Party may produce the Non-

16    Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

17    protective order, the Receiving Party shall not produce any information in its possession or control that

18    is subject to the confidentiality agreement with the Non-Party before a determination by the court.

19    Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking

20    protection in this court of its Protected Material.

21    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

24    the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

25    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

26    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

27    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

28    Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER 2:22-
CV-01482-JAM-KJN

1    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

2            MATERIAL

3            When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

4    material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

5    are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

6    modify whatever procedure may be established in an e-discovery order that provides for production

7    without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

8    parties reach an agreement on the effect of disclosure of a communication or information covered by

9    the attorney-client privilege or work product protection, the parties may incorporate their agreement in

10   the stipulated protective order submitted to the court.

11   12.    MISCELLANEOUS

12           12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

13   its modification by the court in the future.

14           12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

15   Party waives any right it otherwise would have to object to disclosing or producing any information or

16   item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any

17   right to object on any ground to use in evidence of any of the material covered by this Protective

18   Order.

19           12.3    Filing Protected Material. Without written permission from the Designating Party or a

20   court order secured after appropriate notice to all interested persons, a Party may not file in the public

21   record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

22   must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a

23   court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local

24   Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue

25   is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

26   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is

27   denied by the court, then the Receiving Party may file the information in the public record pursuant to

28   Civil Local Rule 141 unless otherwise instructed by the court.

1   13.   <u>FINAL DISPOSITION</u>

2        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3   Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

4   used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

5   summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

6   Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

7   the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

8   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned

9   or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

10  compilations, summaries or any other format reproducing or capturing any of the Protected Material.

11  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

12  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

13  trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

14  such materials contain Protected Material. Any such archival copies that contain or constitute Protected

15  Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18
19  Dated: December 8, 2022          LITTLER MENDELSON, P.C.

20                                   /s/ Renee Feldman
                                     Renee C. Feldman
21                                   Attorneys for Defendant
                                     C&W FACILITY SERVICES, INC.
22
23  Dated: December 8, 2022          RUGGLES LAW FIRM

24                                   /s/ Matthew Ruggles (as authorized on 12/08/22)
                                     Matthew J. Ruggles
25                                   Attorneys for Plaintiff
                                     NILES BREITHAUPT
26
27
28

12   STIPULATED PROTECTIVE ORDER 2:22-CV-01482-JAM-KJN

**ORDER**

The court has reviewed the parties' stipulated protective order, signed by each party. (See ECF No. 12). Based on the representations by counsel in the motion for protective order, as well as in the complaint and the stipulation, the court finds the applicable local rule satisfied. See L.R. 141.1. The court APPROVES the above protective order and orders it effective subject to the following clarification. The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: January 24, 2023

_Kendall J. Newman_

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

RS, brei.1482

STIPULATED PROTECTIVE ORDER 2:22-CV-01482-JAM-KJN

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Niles Breithaupt v. C&W Facility Services, Inc.* (Case No. 2:22-cv-01482-JAM-KJN).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

STIPULATED PROTECTIVE ORDER 2:22-CV-01482-JAM-KJN